IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CALEB WRIGHT,

    Plaintiff,

v.                                                                                                          No. CV 24-0549 JB/JMR

MICHELLE LUJAN-GRISHAM, ALISHA TAFOYA, WILKENS, I. JACOBS

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court following Plaintiff Caleb Wright's failure to prosecute his Amended Prisoner Civil Rights Complaint, filed June 13, 2024. See Prisoner Civil Rights Complaint, filed June 13, 2024 (Doc. 3)("Amended Complaint"). The Honorable Jennifer Rozzoni, United States Magistrate Judge for the United States District Court for the District of New Mexico, recently directed Wright to submit an inmate account statement, as 28 U.S.C. § 1915(a) requires. See Order to Cure Deficiency, filed January 16, 2025 (Doc. 5)("Cure Order"). Because Wright has not complied with the Cure Order and not updated his address, the Court dismisses this case without prejudice.

**BACKGROUND**

Wright commenced this case on June 3, 2024, while incarcerated at the Guadalupe County Correctional Facility in Santa Rosa, New Mexico. See Civil Rights Complaint, filed June 3, 2024 (Doc. 1)("Complaint"). On June 13, 2024, Wright filed the Amended Prisoner Civil Rights Complaint. See Amended Complaint at 1. Construed liberally, the Amended Complaint alleges violations of Wright's constitutional rights based on the conditions of his confinement and relating to his parole. See Amended Complaint at 4-7. Wright also filed a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed July 5, 2024 (Doc. 4)("IFP Motion").

Wright did not attach to the IFP Motion "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Section 1915(a)(2) requires the 6-month account statement in all cases where, as here, "[a] prisoner seek[s] to bring a civil action without prepayment of fees of security therefor." 28 U.S.C. § 1915(a)(2)(brackets added).

The Court referred this matter to Magistrate Judge Rozzoni for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, filed June 4, 2024 (Doc. 2). By the Cure Order entered January 16, 2025, Magistrate Judge Rozzoni directed Wright to submit an inmate account statement reflecting transactions for a 6-month period. See Cure Order at 1. Magistrate Judge Rozzoni set a deadline of February 18, 2025, for Wright to submit the account statement. See Cure Order at 1. The Cure Order warns that the failure to comply timely may result in the dismissal of this action without further notice. See Cure Order at 1.

Wright has not submitted a 6-month account statement, shown cause for such failure, or otherwise responded to the Cure Order, which was returned as undeliverable. See Returned Envelope, filed February 11, 2025 (Doc. 6). Wright has not advised the Clerk of his new address, as D.N.M. LR-Ci v. 83.6 requires. D.N.M. LR-Civ. 83.6 provides: "All . . . parties appearing pro se have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing addresses." D.N.M. LR-Civ. 83.6. The Court therefore will consider whether to dismiss this case for failure to prosecute and to comply with the Court's rules and the Cure Order.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil

Procedure] or a court order." Fed. R. Civ. P. 41(b). See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly as discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."). As the United States Court of Appeals for the Tenth Circuit explains, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation." See Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center, 492 F.3d at 1162 (brackets added). Those criteria include: "the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center, 492 F.3d at 1162.

- 4 -

Here, Wright has not filed a 6-month inmate account statement, as the Cure Order and 28 U.S.C. § 1915(a)(2) require. He also has severed contact with the Court and failed to provide an updated address, as D.N.M.LR-Civ. 83.6 requires. In light of these failures, the Court dismisses this case pursuant to rule 41(b) for failure to prosecute, and to comply with rules and orders. See Olsen v. Mapes, 333 F.3d 1199 at 1204. After considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center, the dismissal will be without prejudice. The Court also denies Wright's pending IFP Motion, which is now moot.

**IT IS ORDERED** that: (i) the Plaintiff's Amended Prisoner Civil Rights Complaint, filed June 13, 2024 (Doc. 3), is dismissed without prejudice; (ii) his Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed July 5, 2024 (Doc. 4), is denied as moot; and (iii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Caleb Wright
Santa Rosa, New Mexico

    *Plaintiff pro se*